--------o&o--------

## WATKINS VS. MARTIN.

Where a party has recovered a judgment and received the amount of it from the defendant, he will not be permitted to reverse the judgment on error.

*Motion to quash Writ of Error.*

STILLWELL & WOODRUFF, for plaintiff.

WILLIAMS & MARTIN, for defendant.

Mr. Justice COMPTON delivered the opinion of the Court.

The plaintiff in error seeks to reverse a judgment which he recovered against the defendant in the court below, for $1,140, residue of debt, with damages and costs: and the defendant pleads in bar that the plaintiff caused an execution to issue on

the judgment, which was afterwards, and before the issuance of the writ of error, fully paid off and satisfied.

It is insisted, on demurrer that the matters alleged in the plea, are not sufficient to bar the writ. We think they are. Where a party has recovered a judgment, and received the amount of it from the defendant, he will not be permitted to reverse the judgment on error. *Laughlin vs. Peebles*, 1 *Penn.* (*Penrose & Watts*,) 114. The counsel for the plaintiff has referred us to *Barthelemy vs. The People*, 2 *Hill*, (*N. Y.*) 248, but there is nothing decided in that case which conflicts with the view taken in this. There the judgment was against the parties seeking the reversal. They had been sentenced to confinement in the penitentiary, and it was insisted that the sentence of the court was satisfied, because it appeared on the face of the record that the term of confinement had elapsed. To this objection the court said there were two answers: first, they were not only sentenced to confinement, but each was also fined, and it was not apparent on the record that the fine of either had been paid: and second, the payment or satisfaction of an erroneous judgment *against* a party could never be allowed as a bar to a writ of error, even in a case where no restitution could follow as a legal consequence, and the reason given by the court is, that such a judgment against the party "is an injury *per se*, from which the law will intend he is, or will be damnified by its continuing against him unreversed." In the case before us the judgment is not only satisfied, but it is also *in favor* of the party seeking the reversal.

The demurrer is overruled.