[Civil No. 1219.  Filed April 15, 1913.]

[131 Pac. 157.]

## SHANNON COPPER COMPANY, a Corporation, Appellant, v. DELL M. POTTER, Appellee.

1. JUDGMENT—CONFORMITY TO VERDICT.—Where two causes of action, set up in the complaint, are submitted to the jury, a general verdict for plaintiff will support an adjudication as to both causes of action.

2. APPEAL AND ERROR—ESTOPPEL—RECEIVING PAYMENT OF JUDGMENT.— Where two causes were united in one action, and the jury rendered a general verdict for plaintiff and judgment was had thereon, a satisfaction of the judgment extinguished all matters in controversy regarding both causes of action, and hence an appeal could not be prosecuted by plaintiff.

APPEAL from a judgment of the District Court of the Fifth Judicial District, in and for the County of Graham. E. W. Lewis, Judge. Dismissed.

### STATEMENT OF FACTS BY THE COURT.

The appellant, as plaintiff, commenced this action against the appellee, as defendant, to recover damages upon two causes of action arising from a failure of the defendant to perform his two contracts. The first cause of action is founded upon a contract by which defendant agreed to procure from the Arizona Copper Company a contract to haul for appellant's smelter limestone or ore to the smelter for a fixed rate of ten cents per ton, which defendant failed to procure, to the alleged damage of appellant in the sum of $11,500. The second cause of action is founded upon a contract by which defendant agreed to cause a certain flume belonging to the Arizona Copper Company to be changed to a pipe-line within a specified time for appellant's benefit, which defendant failed to do as agreed, resulting in damage to plaintiff in the sum of $1,429.10.

The defendant admits the contracts and pleads to the first cause of action a modification, and a performance by him of the modified contract. To the second cause of action he admits liability in a sum of $148.45 in the evidence. The cause

was tried on October 28, 1910, to the court with a jury. The jury returned a verdict for the plaintiff as follows: "We, the jury, duly impaneled and sworn in the above-entitled action, upon our oaths do find the issue for the plaintiff and assess it damages at the sum of one hundred forty-eight dollars and forty-five cents ($148.45.)"

A judgment was ordered and entered following the verdict. A new trial was denied plaintiff, from which order and from the judgment in its favor, plaintiff appeals. Other facts appear in the opinion.

Messrs. Neal & Sutter and Mr. Ben Goodrich, for Appellant.

Mr. Frederick S. Nave and Mr. John H. Campbell, for Appellee.

CUNNINGHAM, J.—The appellant seeks by this appeal to reverse a judgment recovered by it against the appellee on account of alleged errors committed upon the trial in receiving evidence in support of the defense, and in the instructions of the court presenting the defense in charge to the jury. A number of questions are urged upon this court in the briefs of appellant, but, from the view we take of the record, we are precluded from their consideration on this appeal.

The cause was tried on the 29th of October, 1910, when the verdict was returned and the order for judgment was entered. In due time the appeal was perfected and filed in this court. On September 22, 1911, appellant filed its additional "opening brief" assigning numerous alleged errors, referring to the trial of the first cause of action, and, following the statement of the first cause of action, appears this reference to the second cause of action: "There was another cause of action stated in the complaint for the sum of $1,429.10, for $148.45 of which sum plaintiff obtained a verdict, and $1,280.65 of which sum the court took from the consideration of the jury, and refused to permit a verdict therefor on the grounds that plaintiff had not proved the same, though plaintiff claimed it was admitted by the answer. But this matter has been settled since the trial, and it is therefore not in action." What are we to understand from this statement of appellant? That the appellee has settled and satisfied the appellant's judgment of

$148.45 rendered against appellee in this action? It can have no other meaning. Appellant states that the matters settled affect the second cause of action alone. We do not think so. The whole case was submitted to the jury, and the verdict returned is responsive to the issues submitted, and in terms is broad enough to meet all the issues raised upon both causes of action. The judgment is for $148.45 and is as broad as the verdict, and is therefore responsive to all the issues joined in the entire action. The two causes of action became merged in the judgment. It is admitted that the judgment has been settled since the trial.

The law is well settled that a party cannot receive satisfaction of a judgment in his own favor and thereafter prosecute his appeal from the same judgment in the hope of obtaining a more satisfactory one. *Cassell* v. *Fagin*, 11 Mo. 207, 47 Am. Dec. 151; *Robards* v. *Lamb*, 76 Mo. 192; *Wolfort* v. *Reilly*, 133 Mo. 463, 34 S. W. 847; *Watkins* v. *Martin*, 24 Ark. 14, 81 Am. Dec. 59; *In re Baby*, 87 Cal. 200, 22 Am. St. Rep. 239, 25 Pac. 405. We think the settlement of the judgment extinguished all the matters in controversy between the parties to this appeal and leaves nothing for the decision of this court. It may not be improper, however, to say that we have examined the record in the light of the assignments urged by appellant and see no prejudicial error therein.

For the reasons stated, viz., that the judgment is admitted by appellant to have been settled since the trial of the cause, the appeal is dismissed.

FRANKLIN, C. J., and ROSS, J., concur.

NOTE.—As to waiver of appeal or right of review, see note in 13 Am. Dec. 546.