498 P.2d 191

**Richard Andre BUSSEUIL, Administrator of the Estate of Patricia McWilliams, Deceased, Appellant,**

v.

**The ARIZONA VETERAN'S SERVICE COMMISSION as Guardian of the Estate of Norman McWilliams, an incompetent, Appellee.**

No. 1 CA-CIV 1665.

Court of Appeals of Arizona, Division 1, Department A.

June 15, 1972.

Rehearing Denied July 24, 1972.

Review Denied Sept. 26, 1972.

George W. Oglesby, Phoenix, for appellant.

Bosco, Goldman & Kaplan, by Michael A. Bosco, Jr., Phoenix, for appellee.

CASE, Judge.

Patricia McWilliams was killed as a result of a collision between the ambulance in which she was riding and another vehicle. She died intestate, being survived by her husband, Norman McWilliams, an incompetent for whom the Arizona Veteran's Service was acting as guardian, and a son, Richard Andre Busseuil, who was later appointed the administrator of her estate.

A suit for wrongful death was instituted against the ambulance company and the driver of the other vehicle. This litigation resulted in a verdict against the ambulance company and in favor of the surviving son in the sum of $17,535.00. Thereafter, this judgment was reversed on appeal and the cause remanded for a new trial. Phoenix Respirator and Ambulance Service, Inc. v. McWilliams, 12 Ariz.App. 186, 468 P.2d 951 (1970). By stipulation, judgment was entered against the ambulance company only for the sum of $10,000.00 and this sum was paid into court subject to apportionment among the heirs of the decedent. Appellant filed a petition for an order apportioning the proceeds of judgment and thereafter, the trial court entered an order which held that the proceeds of the judgment were the community property of the decedent and her surviving husband, Norman McWilliams, and that in accordance with the law relating to distribution of personal estate of persons dying intestate, Richard Andre Busseuil and Norman McWilliams were entitled to equal distribution of the proceeds. Pursuant to said order, the proceeds were distributed and receipted for by all of the parties. Thereafter, appellant

filed a notice of appeal, appealing this order and judgment.

Appellant presents one question for review, to-wit:

ARE THE PROCEEDS OF A JUDGMENT IN A WRONGFUL DEATH ACTION THE COMMUNITY OR SEPARATE PROPERTY OF THE DECEASED?

However important this issue is, we do not feel that this is the proper case for its determination since in our opinion the appeal is moot. Appellant has accepted the benefits of the judgment and cannot now appeal therefrom. We have stated in the case of Finck v. Finck, 9 Ariz.App. 382, 452 P.2d 709 (1969):

"A party who accepts an award or legal advantage under an order, judgment, or decree, waives his right to any such review of the adjudication as may again put in issue his right to the benefit which he has accepted."

Appeal dismissed.

STEVENS, P. J., and D. L. GREER, Judge of the Superior Court of Apache County, concur.

NOTE: The Honorable Francis J. Donofrio having requested that he be relieved from the consideration of this matter, the Honorable D. L. Greer, a Judge of the Superior Court, was called to sit in his place.