623 P.2d 1229

ARIZONA DOWNS, an Arizona Corporation, Petitioner,

v.

The SUPERIOR COURT OF ARIZONA, MARICOPA COUNTY, and A. Melvin McDonald a Judge thereof; Arizona Racing Commission, an Agency of the State of Arizona, and Michael J. O'Haco, Chester E. Johns, John K. Goodman, L. Wardell Larson and Ronald A. Lebowitz, as members of and constituting the Arizona Racing Commission; Arizona Horsemen's Foundation, Inc., an Arizona corporation; Turf Paradise, Inc., an Arizona corporation; and State of Arizona (the defendants in Maricopa County Superior Court Cause No. C 420730), Real Parties in Interest, Respondents.

Nos. 15184, 15220.

Supreme Court of Arizona.

Jan. 26, 1981.

Romley & Sherk by Kenneth J. Sherk and Elias M. Romley, Phoenix, for petitioner.

Jennings, Strouss & Salmon by David L. White, Phoenix, for respondent, Turf Paradise, Inc.

Snell & Wilmer by George H. Lyons and Robert J. Gibson, Phoenix, for respondent, Arizona Horsemen's Foundation.

Robert K. Corbin, Atty. Gen. by Evelyn R. Epstein, Asst. Atty. Gen., Phoenix, for respondent, Arizona Racing Commission/Members.

HOLOHAN, Vice Chief Justice.

Arizona Downs, an Arizona corporation, engaged in the business of conducting horse racing meetings in Phoenix, Arizona, is the petitioner in two successive special actions challenging the rulings of the superior court in an action filed by petitioner against the Arizona Racing Commission and others named as respondents in the special actions. Since the special actions deal with the same subject matter, we have consolidated them for decision.

The action in the superior court was filed by petitioner to set aside the decision of the Arizona Racing Commission which granted the petitioner a lesser number of days for racing than that for which it had sought. After the filing of the petitioner's complaint for review of the administrative action of the Arizona Racing Commission, the respondent judge granted the motion of one of the respondents that the complaint be dismissed because the petitioner must be deemed to have waived its right to review by commencing its racing on the date authorized by the Arizona Racing Commission.

The petitioner filed its first petition for special action (No. 15184) and this court accepted jurisdiction, heard the matter and ordered the respondent superior court judge to reinstate the complaint and proceed forthwith to determine the case on the merits. We noted that a written decision would follow at a later date.

The reason for the superior court dismissing the complaint was that the petitioner by commencing its racing meetings had in effect accepted the benefits of the decision of the Racing Commission, and one who accepts the benefits of a judgment or ruling cannot thereafter attack it by appeal. *See Shannon Copper Co. v. Dell M. Potter*, 14 Ariz. 481, 131 P. 157 (1913); *Busseuil v. Arizona Veteran's Service Commission*, 17 Ariz.App. 379, 498 P.2d 191 (1972). It is true that the general rule is that the

acceptance of the benefits of a decision preclude an appeal after such acceptance, but there are numerous exceptions to the general rule. Starting with *Webb v. Crane Co.*, 52 Ariz. 299, 80 P.2d 698 (1938), this court has taken occasion to examine the general rule and has held that the involuntary payment of a judgment does not deprive the defendant of the right to appeal the judgment. In a somewhat similar situation in *Del Rio Land, Inc. v. Haumont*, 110 Ariz. 7, 514 P.2d 1003 (1973), we held that compliance with a court order rather than risking a contempt citation was not to be considered voluntary, and an appeal would be allowed despite the fact of compliance with the order. It may generally be stated that where benefits are accepted under circumstances of strong compulsion and financial duress there is no waiver of the right to appeal. In the field of public utility law it is a common practice for utilities to be allowed to implement a limited rate order and appeal the denial of the increased or greater rate. *Connecticut Light & Power Co. v. Public Utilities Control Authority*, 176 Conn. 191, 405 A.2d 638 (1978). Although the petitioner is certainly not a public utility it is a somewhat analogous situation in that the petitioner is part of a rigidly regulated industry and a limited number of racing days are allowed. The final decision of the Racing Commission did not leave petitioner sufficient time to effectively challenge that decision in the superior court before the racing dates began. If petitioner did not commence the racing operation on the dates set by the Commission, it not only would suffer severe financial loss but it might also forfeit all rights to the dates for the year at issue. Under such circumstances it cannot be said that the acceptance or beginning of the racing dates was a voluntary acceptance of the decision of the Racing Commission. It is also significant in the consideration of this issue that the petitioner was not merely challenging the discretion of the Racing Commission. The petitioner's claim for additional dates was based upon an alleged statutory right to the number of days sought. It was,

therefore, proper for the petitioner to commence the racing schedule and also appeal the decision of the Racing Commission.

The superior court acting pursuant to our order, reinstated the complaint and proceeded to hear the matter on the merits. The respondent court after hearing the matter on December 15, 1980, ruled that the petitioner was not entitled to relief under its complaint.

The petitioner filed a second petition for special action (No. 15220). We accepted jurisdiction of the second special action with the intention of resolving a challenge to the constitutionality of A.R.S. § 5–110(A).

■ The respondents argue that the issue of the constitutionality of A.R.S. § 5–110(A) should not be considered because the petitioner is precluded from raising that issue under the principles of res judicata.

Respondents point out that the petitioner, the State of Arizona, and the respondents, Turf Paradise and Arizona Horsemen's Foundation, Inc., are all parties in an action in the superior court of Maricopa County, No. C–371759. In that action, a trial judge other than the respondent judge has by summary judgment ruled that the preference provisions of A.R.S. § 5–110(A) are unconstitutional. A formal written judgment has been signed and filed on June 10, 1980, which includes 54(b) language making the judgment appealable. *See* Rule 54(b), Rules of Civil Procedure. Petitioner filed a motion for a new trial which was denied by the trial judge on July 7, 1980. As of the date of oral argument in this court, no written order denying the motion for new trial had been filed in the superior court. It thus appears that there is a final judgment on the issue of the constitutionality of A.R.S. § 5–110(A) which is appealable. There is also an order of the superior court denying a reconsideration of a new trial on that issue, and the only act required to make that ruling appealable is the signing by the trial judge of a formal written order and its filing. Based on the judgment and order in cause No. C–371759, the respondents contend that under the principles of res judicata the petitioner is precluded from raising an issue in the second action which has already been resolved in a prior case.

The petitioner contends that the issue of the constitutionality of A.R.S. § 5–110(A) has not been resolved by the superior court because the statute in question was amended in the last session of the legislature and the statute as amended did not become effective until a date subsequent to the ruling of the superior court; therefore, the superior court was without power to consider the amended statute prior to its effective date. *Iman v. Bolin*, 98 Ariz. 358, 365, 404 P.2d 705, 709 (1965). Petitioner concludes that his action against the Racing Commission involved a new issue.

A.R.S. § 5–110(A) was amended in the last session of the legislature by adding an additional number of racing days to the racing season. The challenged provision under which petitioner claims a preference for racing dates was left untouched by the amended provision. The result of such an amendment to A.R.S. § 5–110(A) is not a repeal and re-enactment. The unamended portion of the original statute remains in force from the time of the original enactment. *Territory v. Ruval*, 9 Ariz. 415, 85 P. 1096 (1906). *See also Posadas v. National City Bank of New York*, 296 U.S. 497, 56 S.Ct. 349, 80 L.Ed. 351 (1936); *State v. Johnson*, 74 Minn. 381, 77 N.W. 293 (1898).

■ The ruling in the prior action dealt with a provision of A.R.S. § 5–110(A) which existed prior to the 1980 amendment and which was continued in the statute after the amendment. Under the rule in *Ruval, supra,* the original provisions of the statute are deemed to have been in force at all times and the ruling of the superior court on those provisions is binding even after the statute was amended. The issue of the constitutionality of the provisions of A.R.S. § 5–110(A) is not a new issue between the parties. It was ruled on in the previous cause No. C–371759. The fact that additional parties not named in the original superior court action, cause No. C–371759, are parties to the second superior court action does not change the result. The new parties named are the Racing Commission

and it members, but the State of Arizona was a party to the first action in which the statute was declared unconstitutional; therefore, the members of the Racing Commission, an agency of the state, are in privity and are bound by the decision in which the state was a party. The rule is that a judgment which binds the sovereign also binds its subordinate officials. *Sunshine Anthracite Coal Co. v. Adkins,* 310 U.S. 381, 60 S.Ct. 907, 84 L.Ed. 1263 (1940); *River Valley, Inc. v. Dubuque County,* 507 F.2d 582 (8th Cir. 1974).

■ In order for res judicata or collateral estoppel to be applicable there must be a final judgment. In the first action a written appealable judgment has been entered; the motion for new trial has been denied, but it is not in appealable form. Is the judgment final for res judicata to apply? We conclude that it is even if the petitioner files an appeal. There are some jurisdictions which hold that the filing of an appeal prevents the operation of res judicata, but the majority rule is that an appeal from a judgment does not suspend the effect of the judgment as res judicata between the parties. *Johnson v. Ward,* 265 N.W.2d 746 (Iowa 1978); *Perez v. Pawtucket Redevelopment Agency,* 111 R.I. 327, 302 A.2d 785 (1973); *Wiseman v. Law Research Service, Inc.,* 133 Ill.App.2d 790, 270 N.E.2d 77 (1971); *Denham v. Shellman Grain Elevator, Inc.,* 444 F.2d 1376 (5th Cir. 1971). *See also* 9 A.L.R.2d 984–1019.

■ The respondent judge concluded that petitioner was collaterally estopped from asserting a preferential right to the racing dates sought because the issue had been ruled on by another superior court judge in the prior case, cause No. C–371759. We conclude that the respondent judge was correct and the petitioner was precluded from challenging that issue again in the current action against the Racing Commission and other respondents. Although we view the issue of the constitutionality of the statute as important, we are not inclined to ignore well settled principles of law to reach the issue. Even an erroneous judgment is conclusive between the parties. *Stuart v. Winslow Elementary School District No. 1,* 100 Ariz. 375, 414 P.2d 976 (1966). We express no opinion, however, on the constitutionality of A.R.S. § 5–110(A) because that issue has not been properly presented to us.

Under the state of the record before us, we believe that the respondent judge acted within his discretion and according to law; therefore, relief by special action is not appropriate. Our order accepting jurisdiction in cause No. 15220 is vacated, and we decline jurisdiction of the special action in that cause.

STRUCKMEYER, C. J., and HAYS, CAMERON and GORDON, JJ., concur.