647 P.2d 640

Martin ROSEN, Ray Katz and Stephen Katz, Executors of the Estate of Herman Katz, deceased, Plaintiffs/Appellees,

v.

Joseph RAE and Lee Rae, husband and wife; Stephen M. Rae, David A. Rae; Minnesota Title Company, a corporation; Ranchlands, Inc., an Arizona corporation; Ranchlands Water Company, an Arizona corporation; Loma Alta Development Corporation, an Arizona corporation; The Pomponious Falco Enterprises, Inc., an Arizona corporation; and Rocking K Water Company, an Arizona corporation, Defendants/Appellants.

MINNESOTA TITLE COMPANY TRUST NOS. 10,104, 10,106, 10,123, 10,132 AND 10,245; Rocking K Water Company, an Arizona corporation; Ranchlands, Inc., an Arizona corporation; Ranchlands Water Company, an Arizona corporation; Loma Alta Development Corporation, an Arizona corporation; The Pomponious Falco Enterprises, Inc., an Arizona corporation; Joseph Rae and Lee Rae, husband and wife; Lee Rae, as Trustee for Stephen M. Rae and David A. Rae, Counterclaimants/Appellants,

v.

Martin ROSEN, Ray Katz and Stephen Katz, Executors of the Estate of Herman Katz, deceased, and individually; Donald R. Diamond and Joan B. Diamond, husband and wife; William A. Estes, Jr., and Shirley A. Estes, husband and wife; James N. Shedd and Jean P. Shedd, husband and wife; Transamerica Title Insurance Company, a California corporation, not in its individual corporate capacity, but solely in its capacity as Trustee under Trust Nos. 8165 and 8166; John Does 1–100; Jane Does 1–

100; XYZ Corporations 1–15, Counterde-
fendants/Appellees.

No. 2 CA–CIV 3791.

Court of Appeals of Arizona,

Division 2.

April 14, 1982.
Rehearing Denied May 28, 1982.
Review Denied June 22, 1982.

Donald E. Gabriel, Tucson, for defend-
ants/appellants.

Miller, Pitt & Feldman, P. C. by Robert
A. Fortuno, Tucson, for counterdefen-
dants/appellees Diamond, Estes and Shedd.

Chandler, Tullar, Udall & Redhair by Joe
F. Tarver, Tucson, for plaintiffs/appellees.

Bilby, Shoenhair, Warnock & Dolph, P. C.
by Susan M. Schauf, Tucson, for counter-
defendant/appellee Transamerica Title.

## OPINION

HATHAWAY, Judge.

This appeal arises out of litigation con-
cerning real property in Tucson known as
Rocking K Ranch. No useful purpose
would be served by detailing the procedural
aspects of this litigation, which gave rise to
the judgment and order that are challenged
on this appeal. The judgment decreed spe-
cific performance of a contract for the sale
of the real property and the appointment of
a receiver to take possession and control of
the real and personal property comprising
the Rocking K Ranch.

The sale agreement, executed in June
1979, was between the Rae group as sellers
and the Estes group (Diamond, Estes and
Shedd) as buyers. The Rae group, the
Estes group and the Katz estate, which had
consented to the sale pursuant to the sale
agreement, were ordered to close and spe-
cifically perform the sale agreement forth-
with. The Rae group was specifically or-
dered to do no act in contravention of the
sale agreement or in hindrance of specific
performance. The judgment recited that it
constituted a conveyance of the real and
personal property described in the sale
agreement to the receiver previously ap-
pointed pursuant to orders of the court.
The parties were directed to execute forth-
with all documents and perform such other
acts as might be necessary to close and
specifically perform the sale agreement ac-
cording to its terms.

The order appointing the receiver autho-
rized the receiver to exercise all powers,

rights and duties prescribed by law for receivers including the power to commence and defend actions relating to the sale property.

A motion to dismiss this appeal was filed by the appellees (the Estes group and the Katz Estate), claiming that appellants (the Rae group) have accepted the benefit of the rulings they challenge on appeal and thus are precluded from maintaining this appeal. In support of their motion, appellees filed various affidavits and photocopies of correspondence and documents concerning matters that have occurred during the pendency of this appeal. The Rae group, in opposition to the motion to dismiss, filed similar supporting documents and affidavits. Their position is that they merely complied with the appealed-from rulings, neither of which had been superseded.

■ Although generally we do not look beyond the record on appeal, where matters have occurred since the filing of the appeal which may make review of the proceedings of the lower court inappropriate, such matters may be shown by extrinsic evidence and considered by this court. *Day v. Wiswall's Estate*, 93 Ariz. 400, 381 P.2d 217 (1963). Our review of the various documents appended to the motion to dismiss, response and reply thereto discloses that the following occurred after the filing of this appeal. The Rae group demanded and obtained performance by the Estes group of one provision of the sale agreement which the judgment required all parties to specifically perform. One obligation of the buyers (the Estes group) under this agreement was the payment of all existing Solot judgments. Two of these Solot judgments were mortgage foreclosures upon parcels of property belonging to Rae which were not part of the Rocking K Ranch. The performance demanded and fulfilled by Estes was redemption of these properties. Therefore, a check was issued to Rae and the receiver in the amount of $31,949.99 and the properties were redeemed.

It has also been established that the Rae group has taken advantage of the appointment of the receiver by invoking the provision of the appointment order, which confers authority upon the receiver to commence and defend actions relating to Rocking K Ranch. The Rae group demanded that the receiver represent it in two other actions relating to the Rocking K Ranch whereupon the receiver filed a petition in superior court to determine whether he should comply with the demand of the Rae group. The superior court directed the receiver to represent those members of the Rae group that are corporations and trusts in two other pending lawsuits, one in federal court and the other in superior court. The receiver complied.

■ A party who accepts an award or legal advantage under an order, judgment or decree, waives his right to any such review of the adjudication as may again put in issue his right to the benefit which he has accepted. *Finck v. Finck*, 9 Ariz.App. 382, 452 P.2d 709 (1969); *Busseuil v. Arizona Veteran's Service Commission*, 17 Ariz. App. 379, 498 P.2d 191 (1972); 5 C.J.S., Appeal and Error, § 1354(6); 4 Am.Jur.2d, Appeal and Error, § 250; Annot., 169 A.L.R. 985.

■ We agree with appellees that the "acceptance of benefits" doctrine estops appellants from maintaining this appeal and that their reliance on the rationale of *Del Rio Land, Inc. v. Haumont*, 110 Ariz. 7, 514 P.2d 1003 (1973), is misplaced. In *Del Rio*, a decree of specific performance of a sale contract was involved. Our supreme court held that where the appellant, which had been unable to file a supersedeas bond, was compelled by the necessities of the situation to comply with the decree of specific performance, its compliance with the judgment did not preclude appellate review. The situation here is different. The only similarity between appellants' situation and that in *Del Rio* is the inability to file a supersedeas bond. The obligation to satisfy the existing Solot judgments was the buyers' (Estes group) under the sale agreement and not the sellers'. Thus the Rae group, by insisting upon performance by the buyers, took advantage of the decree of specific performance. Although they maintain they

had no intention of waiving their rights to appeal, their conduct raises an estoppel. There is no question but that a review of the decree of specific performance will again put in issue the sellers' right to the benefit which they have accepted. These same principles apply to the order appointing a receiver. Appellants, by insisting that the receiver represent them in two other lawsuits concerning Rocking K Ranch, cannot now complain on appeal that the trial court erred in appointing a receiver.

For the foregoing reasons, this appeal is dismissed.

HOWARD, C. J., and BIRDSALL, J., concur.