890 P.2d 76

Ronald D. JOHNSON, Plaintiff–
Appellant,

v.

Rose MOFFORD; State of Arizona,
Defendants–Appellees.

No. 1 CA–CV 93–0039.

Court of Appeals of Arizona,
Division 1, Department A.

Feb. 14, 1995.

Judis R. Andrews, Sr., Phoenix, and Alex D. Gonzalez, Mesa, for plaintiff-appellant.

Grant Woods, Atty. Gen. by Kimberly A. Allen, Asst. Atty. Gen., Phoenix, for defendants-appellees.

## OPINION

JACOBSON, Presiding Judge.

This appeal presents the issue whether the review of the removal of a member of the Board of Pardons and Parole (Board), an executive appointee, is subject to the Administrative Review Act (A.R.A.) and the doctrine of exhaustion of administrative remedies.

Appellant Ronald Johnson (Johnson) was appointed by Governor Bruce Babbitt to the Board in 1984 and reappointed in 1987 to a term that would expire in 1992. On May 5, 1989, Governor Rose Mofford removed Johnson from the Board. Johnson challenged Governor Mofford's action in superior court by filing a complaint that basically alleged that Johnson was entitled to a pretermination hearing that he was denied, in violation of his due process rights under both the state and federal constitutions.

The Governor and the state (collectively, defendants) moved to dismiss the complaint on the grounds that Johnson's removal was an administrative action subject to review only under the A.R.A., A.R.S. § 12–901 et seq., a remedy Johnson had not pursued. Alternatively, defendants alleged that the Governor had offered Johnson a post-termination hearing, which satisfied due process and which Johnson refused. Defendants alleged that Johnson had failed to exhaust administrative remedies and requested a stay to afford that relief.

The trial court agreed with the alternative request, stayed the superior court proceedings, and directed that the Governor afford Johnson a hearing on his removal from the Board. A hearing officer was duly appointed, a hearing was held, and the hearing officer recommended that the Governor affirm Johnson's removal from the Board. The Governor adopted this recommendation and affirmed the termination of Johnson's service on the Board.

Following this second removal, Johnson filed a first amended complaint, realleging all of the allegations of the first complaint, but adding the allegation that his removal was without cause, and seeking tort damages in excess of $2,250,000.

Defendants sought to limit the relief requested under the amended complaint to a review of an administrative decision under the A.R.A. The trial court agreed and ordered Johnson to file a second amended complaint seeking relief under the administrative act. Johnson did so without waiving his tort

claim for damages.[1]

The trial court affirmed the Governor's removal of Johnson, finding that, given the limited judicial review available under the A.R.A., the Governor's action was not arbitrary, illegal, capricious, or an abuse of discretion. The trial court thus treated Johnson's action as an appeal from an administrative decision, and not as a tort action.

Johnson has appealed, contending (1) that the trial court erred in requiring him to exhaust administrative remedies and seek judicial review under the Administrative Review Act; (2) that the evidence did not support removing him for cause; and (3) he was denied a fair administrative hearing because of the hearing officer's refusal to subpoena Governor Mofford.

Because we determine that Johnson's access to the superior court was not controlled by the A.R.A., we do not reach the other two issues. Likewise, the factual basis giving rise to Johnson's removal by the Governor is immaterial to our resolution of the procedural issue raised and therefore need not be set forth. However, we do deal with Johnson's due process claims insofar as they arise from allegations that he was denied a pre-termination hearing.

Defendants' major premise in the defense of Johnson's claims is that a due process hearing is required in order for Johnson to "exhaust administrative remedies," and, because such a hearing is required any review of that hearing is subject to the A.R.A. In our opinion, both premises are faulty.

As a preliminary matter, defendants argue that Johnson is estopped from arguing on appeal that the trial court erred in requiring him to exhaust his administrative remedies because he participated in the post-termination hearing and thus benefited from the court's order. They assert that a party who accepts a legal advantage under an order waives his right to review of the adjudication that might put in issue his right to the accepted benefit, citing *Rosen v. Rae,* 132 Ariz. 509, 511, 647 P.2d 640, 642 (App.1982),

and *Arizona Downs v. Superior Court,* 128 Ariz. 73, 74, 623 P.2d 1229, 1230 (1981).

Although defendants correctly state the general rule, it does not apply in Johnson's situation. As the *Arizona Downs* court noted, "where benefits are accepted under circumstances of strong compulsion and financial duress there is no waiver of the right to appeal." 128 Ariz. at 74, 623 P.2d at 1230. In Johnson's case, he objected to participation in a post-termination hearing on the grounds that such a hearing would not cure a lack of a pre-termination hearing. Furthermore, Johnson participated only because he would lose all opportunity to have his removal from the Board examined by a court if he did not do so; thus, the benefit was accepted under a circumstance of strong compulsion. Accordingly, Johnson did not waive his right to raise this issue on appeal.

We turn then to whether a request for a pre-termination hearing results in a requirement that Johnson exhaust administrative remedies. To do so, we must determine whether Johnson was entitled to a due process hearing of any kind. We hold that he was. There is no question that Johnson was a state employee who could be discharged only for cause, A.R.S. § 31–401(D), and therefore was vested with a property right in his employment that could not be taken without due process. *See Cleveland Bd. of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). However, the purpose of such a due process hearing is to afford an *employee* the opportunity to retain employment and afford some opportunity to the *employee* to present his side of the case in order that an accurate decision is reached. *Loudermill,* 470 U.S. at 543, 105 S.Ct. at 1493–94.

Thus, the purpose of the hearing is to afford the *employee* due process, not the state employer. Like any due process requirement, it can be waived by the holder. In this case, it is clear that Governor Mofford, by letter, advised Johnson of the allegations against him and afforded him the op-

---

1. A third amended complaint was filed alleging tort damages. The provisions of this complaint containing allegations unrelated to the Administrative Review Act were stricken. Thus, the issue whether Johnson's tort claims survived is clearly before us.

portunity for a hearing. Admittedly, this hearing was post-termination rather than pre-termination, but such a hearing may well satisfy due process considerations. *See Deuel v. Arizona State School for Deaf and Blind,* 165 Ariz. 524, 799 P.2d 865 (App.1990). That hearing was rejected by Johnson and was conducted only over his strenuous objections. To convert a waivable due process hearing into a required administrative proceeding which the employee is required to exhaust before he or she can seek judicial review is to pervert both the due process hearing required under *Loudermill* and the underlying rationale of exhaustion of administrative remedies. That doctrine is a rule of judicial administration and applies only where the administrative agency has original jurisdiction. *Campbell v. Mountain States Tel. & Tel. Co.,* 120 Ariz. 426, 586 P.2d 987 (App.1978). We therefore hold that a property right due process hearing is not an "administrative remedy" that a holder of the property right is required to "exhaust."

■ Before leaving this subject, in order to limit the issues on remand, we do hold that Johnson was afforded due process by Governor Mofford's notice, opportunity to be heard, and the subsequent post-termination hearing. Johnson's due process rights were not abridged by a failure to hold a pre-termination hearing.

■ We now reach the issue whether Johnson's removal by the Governor was judicially reviewable only under the provisions of the Administrative Review Act. Regarding its scope, the A.R.A. provides:

This article applies to and governs every action to review judicially a final decision of an administrative agency except public welfare decisions pursuant to title 46, *or where the act creating or conferring power on an agency or a separate act provides for judicial review of the agency decisions and prescribes a definite procedure for the review.*

A.R.S. § 12–902(A) (emphasis added).

"Agency" or "administrative agency" is defined as follows:

every agency, board, commission, department or officer authorized by law to exercise rule-making powers or to adjudicate contested cases, whether created by constitutional provision or legislative enactment, but does not include an agency in the judicial or legislative departments of the state government, and does not include any political subdivision, municipal corporation, or agency thereof.

A.R.S. § 12–901(1) (emphasis added).

Both Johnson and the state fasten upon the definition of "agency" or "administrative agency" in arguing that Governor Mofford was or was not such an "agency" when she removed Johnson from the Board. In our opinion, such arguments miss the point. The question is not whether Governor Mofford was an "agency," but rather whether Johnson, as a permanent state employee, could seek judicial review of the termination of his employment only under the auspices of the A.R.A. We hold that his termination was not reviewable under the A.R.A.

Johnson was appointed to the Board by the Governor pursuant to A.R.S. § 31–401(A) and A.R.S. § 38–211. As an executive appointee, he was not subject to the provisions of the state personnel administration. A.R.S. § 41–771(A)(2) (the personnel administration act does not apply to "members of boards and commissions appointed by ... the governor"). Moreover, the A.R.A. is not available where "a separate act provides for judicial review of the agency decisions and prescribes a definite procedure for the review." A.R.S. § 12–902(A). Thus, Johnson is in the same position as the state employee in *McLeod v. Chilton,* 132 Ariz. 9, 643 P.2d 712 (App.1981), *cert. denied,* 459 U.S. 877, 103 S.Ct. 172, 74 L.Ed.2d 141 (1982). In *McLeod,* the state meat inspector argued that because, as a non-merit employee, he was precluded from seeking review of his discharge under the personnel board statutes, he should be able to seek judicial review of his discharge under the A.R.A. In rejecting this contention, the *McLeod* court relied upon *Pima County v. State Department of Revenue,* 114 Ariz. 275, 560 P.2d 793 (1977):

The appellants argue nevertheless that the Administrative Review Act is here pertinent because as *applied to them,* Title 42 does not provide either an avenue of ap-

peal or a procedure for review of the Board's decision, thereby excluding them from the exception clause contained in § 12–902(A). To construe that statute in this manner, however, would not comport with the obvious legislative intent underlying § 12–902. That section was enacted to permit judicial review of administrative decisions when review of an agency's decision has not been otherwise provided for.... That is not the case here where Title 42 has provided both judicial review and a definite procedure to implement the review of the Board's rulings. Clearly, § 12–902 was not intended and cannot be read to confer the right of appeal from an agency's decisions on one who has not been included among those given the right of review in the particular statutes that make such review of the agency's decision available. Hence, the Administrative Review Act cannot confer on the appellants the authority to appeal the Board's decision to the superior court.

*McLeod,* 132 Ariz. at 17, 643 P.2d at 720, *quoting Pima County,* 114 Ariz. at 278–79, 560 P.2d at 796–97 (emphasis in original).

The *McLeod* court then noted:

It is our view that the Merit System initially encompasses *all* state personnel, and only *then* proceeds to exempt certain classes of employees from its purview. Inasmuch as A.R.S. § 41–785(D) provides a procedure whereby a state employee may ultimately gain review in superior court of an adverse Personnel Board Decision, there is a "separate act" providing for judicial review of the agency's general personnel decisions within the meaning of A.R.S. § 12–902(A). Plaintiff here then is in much the same position as was the county in *County of Pima, supra,* since A.R.S. § 12–902 "cannot be read to confer the right to appeal from an agency's decisions on one who has not been included among those given the right of review in

the particular statutes that make such review of the agency's decisions available." 132 Ariz. at 18, 643 P.2d at 721, *quoting Pima County,* 114 Ariz. at 279, 560 P.2d at 796 (emphasis in original).

Likewise, this court has held that A.R.S. § 41–785 provides the sole statutory authority for review of state agency decisions affecting state employees and therefore the provisions of the A.R.A. could not be utilized for that purpose. *Clark v. State Livestock Sanitary Bd.,* 131 Ariz. 551, 555, 642 P.2d 896, 900 (App.1982).

Clearly the Board is a state agency and Johnson a state employee. Here a "separate act provides" for the adjudication of decisions involving state employees. By that very "separate act," Johnson has been excluded from its operation. However, this does not detract from the proposition that such "a separate act" exists, and therefore, by the express terms of the A.R.A., Johnson would not have that act available to adjudicate his dismissal. *See McLeod, supra; Clark, supra.*

Because Johnson cannot avail himself of the remedies and procedures available under the A.R.A., it follows that the state cannot impose those remedies upon him. Thus, the trial court erroneously imposed the standard of review applicable under the A.R.A. in reviewing the Governor's decision to remove Johnson.

In an appeal of an administrative decision pursuant to the A.R.A., the superior court determines whether the administrative action was illegal, arbitrary, capricious, or an abuse of discretion. *Siegel v. Arizona State Liquor Bd.,* 167 Ariz. 400, 401, 807 P.2d 1136, 1137 (App.1991). In this case, the trial court incorrectly applied that standard in affirming Governor Mofford's removal of Johnson from the Board. Instead, the court should have independently determined Johnson's discharge claim and determined whether the Governor had sufficient legal cause under A.R.S. § 31–401(D) to remove Johnson from his position.

In conclusion, we hold that Johnson's action for termination based upon whether le-

gal cause existed for his removal is still a viable claim. We affirm the dismissal of his claim for relief based upon a denial of due process rights. This matter is remanded for further proceedings consistent with this opinion.

CONTRERAS and TOCI, JJ., concur.