73 F.3d 369
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Lawrence J. KRUG, Plaintiff-Appellant,
v.
J.C. KENNEY, Assistant Director, Arizona Department of
Corrections; Ronald Mayes, Liaison, Arizona Department of
Corrections; Roger Crist, Senior Warden, Arizona State
Prison--Florence; Dean Yedica, Business Manager, Arizona
Department of Corrections; Mike Smarik, Administrator,
Bureau of Business and Finance, Arizona Department of
Corrections, Defendants-Appellees.
 No. 95-16270.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1995.*
Decided Dec. 27, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lawrence J. Krug, an Arizona state prisoner serving a life sentence, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action challenging the constitutionality of A.R.S. Sec. 31-237. Section 31-237 provides that each wage-earning prisoner shall deposit a percentage of his wages into a "dedicated discharge account" for distribution to the prisoner upon the prisoner's discharge from prison. Krug argued that Section 237 is unconstitutional because an inmate sentenced to a term that exceeds his life span is required to forfeit money he will never receive back.
 
 
 3
 The district court dismissed the action as barred by res judicata on the ground that an Arizona Superior Court had previously entered judgment on the merits against Krug in an identical state court action. We affirm. See Piatt v. MacDougal, 773 F.2d 1032 (9th Cir.1985) (federal courts hearing a Sec. 1983 claim must give collateral estoppel and res judicata effect to state court judgments). The res judicata effect of the prior judgment is not undermined by the fact that Krug has named additional defendants in the federal action. The new defendants are all state officials and are, as such, bound by the judgment entered against the Director of the Arizona Department of Corrections. See Arizona Downs v. Superior Court of Arizona, 128 Ariz. 73, 75-76, 623 P.2d 1229, 1231-32 (1981). To the extent that Krug alleges the state court improperly refused to permit him to add new defendants in the state action, that claim must be brought to a state appellate court. See District of Columbia v. Feldman, 460 U.S. 462, 482 (1983).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3