560 P.2d 793

COUNTY OF PIMA, a body politic in the State of Arizona, Stephen Emerine, Individually and as Assessor of said County of Pima, Charles Knowles and Jean Knowles, Individually and as husband and wife, Appellants,

v.

STATE of Arizona—DEPARTMENT OF REVENUE, DIVISION OF PROPERTY AND SPECIAL TAXES, an agency of the State of Arizona, Arlo Woolery, Director of the Department of Revenue, Division of Property and Special Taxes, an agency of the State of Arizona, the Arizona Board of Property Tax Appeals, Howard L. Relf, member of said Board, Lowell L. Monsees, member of said Board, Charles Moody, member of said Board, Pima Mining Company, a Nevada Corporation, Duval Sierrita Corporation, a Texas Corporation, Anamax Mining Company, Amax Copper Mines, Inc., a Nevada Corporation, Anaconda Corporation, a Montana Corporation, Appellees.

No. 12666.

Supreme Court of Arizona, En Banc.

Feb. 7, 1977.

276

Johnson, Hayes & Dowdall by Richard J. Dowdall, Anthony D. Terry, Tucson, for appellants.

Bruce E. Babbitt, Atty. Gen., by James D. Winter, Asst. Atty. Gen., Phoenix, for appellees.

Bilby, Shoenhair, Warnock & Dolph, P.C., by David W. Richter, Michael Lacagnina, Tucson, for appellees Pima Mining Co. and Duval Sierrita Corp.

Chandler, Tullar, Udall & Richmond by Thomas Chandler, Robert E. Lundquist, Tucson, for appellees Anamax Mining Co., Amax Copper Mines, Inc., and Anaconda Corp.

HAYS, Justice.

This is an appeal of the trial court's order granting a motion to dismiss. We have jurisdiction pursuant to rule 47(e)(5) of the Rules of the Supreme Court, 17A A.R.S.

The facts necessary to the determination of this appeal are as follows. In 1974 the Arizona Department of Revenue (hereafter the "Department") determined, pursuant to A.R.S. § 42–124, the value of various mines owned by the appellee mining companies located in Pima County. This valuation was duly transmitted to the Board of Supervisors of Pima County. An appeal of the Department's valuation was thereafter taken to the State Board of Property Tax Appeals (hereafter the "Board") pursuant to A.R.S. § 42–124.02(D), by Stephen Emerine, acting in both his individual capacity and his official capacity as Pima County Assessor. Charles and Jean Knowles sought to join in Emerine's appeal of the Department's valuation. Although the record is unclear and there is some dispute as to whether the Knowleses were properly made petitioners before the Board, for reasons that will be made evident hereafter, we need not decide that issue, and for purposes of this appeal we will assume that the Knowleses were in fact proper participants at the proceeding before the Board.

On July 19, 1974 the Board conducted the hearing at which expert testimony and evidence was presented. On July 25, 1974 the Board affirmed the Department's valuation and denied the relief requested by the appellants Emerine and the Knowleses. The appellants thereupon took an appeal of the Board's decision to the Superior Court. Following a transfer of the appeal to Maricopa County, the appellees, the mining companies and the Department, moved to dismiss on the grounds that the Superior Court lacked personal and subject matter jurisdiction and that the appellant's complaint failed to state a claim upon which relief could be granted. The superior court granted the motion to dismiss. Although the precise grounds upon which the grant of the dismissal was based were not specified, we need meet only one issue which is dispositive of this appeal: Did Stephen Emerine, acting in his dual capacity, or Charles and Jean Knowles, acting in their individual capacities, have the right to appeal the Board's decision affirming the Department's valuation of the appellee's mines to the Superior Court?

 In Arizona it is settled that a right to appeal exists only when that right is specifically given by statute. As we stated in *Smith v. Trott*, 36 Ariz. 166, 168, 283 P. 726, 727 (1930):

> ". . . It is, of course, elementary that a right to appeal exists only by force of statute and is limited by the terms of the statute. *Barth v. County of Apache*, 18 Ariz. 439, 162 P. 62; *Navajo-Apache, etc., Trust Co. v. Desmont*, 17 Ariz. 472, 154 P. 206. And, where the right is neither given nor denied by the Constitution, it is within the discretion of the legislative authority to say in what cases and under what circumstances appeals may be taken."

Thus, whether the appellants had the authority to appeal the Board's decision must be determined from an examination of the various relevant Arizona statutes.

The appellants initially appeared before the Board under the authority of A.R.S. § 42–124.02(D) which reads in part:

> "D. *Any person* not satisfied with the valuation of *any* property as transmitted by the department may appear before the state board at such time as the board may direct and show cause why the valuation should be changed. . . ." (emphasis added).

Presuming that the proper procedural steps were taken to make themselves petitioners,

there is no question but that the appellants had the right to appear before the Board to question the Department's valuation. The issue we are confronted with, however, is whether they had the right to thereafter appeal the Board's decision in those proceedings to the superior court. Section 42–124.02(D), following the portion quoted above, provides: "Appeal from the decision of the state board may be taken in the manner provided in § 42–146."

Section 42–146 states:

"*Appeal from state board of tax appeals*

"A. Any *taxpayer* dissatisfied with the valuation or classification of *his property* as reviewed by the state board of tax appeals, may appeal to the superior court in the manner provided by § 42–151 and not otherwise.

"B. [Not here relevant].

"C. Appeals from all other orders and decisions of the board shall be *as provided by law*." (emphasis added).

Subsection A of this statute plainly is not here applicable because none of the appellants, either Mr. Emerine individually or as County Assessor, or the Knowleses, fall within the classification of a "*taxpayer* dissatisfied with the valuation or classification of *his property*." All of the property valued was owned by the appellant mining companies. Subsection A not being applicable, the appellants attempt to base their authority to appeal on subsection C of § 42–146 which directs, in effect, that all other appeals from decisions of the board exist only as provided elsewhere by law. The appellants argue that both § 42–151 and the Judicial Review of Administrative Decisions Act, A.R.S. § 12–901 et seq. (the Administrative Review Act) provide to them a right to appeal such to bring them within the ambit of § 42–146(C). We disagree.

■ Section 42–151 does not in and of itself grant a right of appeal but only provides for the procedure to be followed in pursuing an appeal to the superior court *if* the right of appeal exists. That is, the implementation of the procedures outlined therein presumes that the appellant has

been given the right and authority to take an appeal to the superior court. The inclusion of subsection C in § 42–146 we think evinces a legislative intent to limit the right of appeal of the Board's decision to those cases specified in A and B and to those cases where another statute has *specifically and unequivocally authorized* the right of appeal. Examples of statutes specifically providing for appeals are, among others, A.R.S. § 42–123.01(B)(6) which gives the Department the right to appeal Board decisions; A.R.S. § 42–1339(B) which authorizes appeals from Board proceedings concerning privilege tax assessments; and A.R.S. § 42–1421(B) which allows appeals from the Board's decisions concerning use taxes. Whereas § 42–151 merely provides the procedural steps necessary to implement a right of appeal, each of the above-enumerated statutes specifically authorizes appeals from the Board's decisions. We think it clear that § 42–151 does not grant the appellants the right to appeal to the superior court.

■ The appellants rely secondly on the Administrative Review Act to vest in them the authority to appeal the Board's decision. Section 12–902(A) defines the applicability of that Act when a separate appellate procedure is available, as follows:

"This article applies to and governs every action to review judicially a final decision of an administrative agency *except* . . . where the act creating or conferring power on an agency or a separate act provides for judicial review of the agency decisions and prescribes a definite procedure for the review*.*" (emphasis added).

Here, it is quite clear that the act which created and conferred power on the Board has also provided for judicial review of the Board's decisions, A.R.S. § 42–123(B)(6), § 42–124.02(D), § 42–146, and has prescribed a definite procedure to implement this review, A.R.S. § 42–151 and § 42–152. Accordingly, the Administrative Review Act is not applicable to this case.

■ The appellants argue nevertheless that the Administrative Review Act is here

pertinent because as applied to them, Title 42 does not provide either an avenue of appeal or a procedure for review of the Board's decision, thereby excluding them from the exception clause contained in § 12–902(A). To construe that statute in this manner, however, would not comport with the obvious legislative intent underlying § 12–902. That section was enacted to permit judicial review of administrative decisions when review of an agency's decision has not been otherwise provided for. *Knape v. Brown,* 86 Ariz. 158, 342 P.2d 195 (1959). That is not the case here where Title 42 has provided both judicial review and a definite procedure to implement the review of the Board's rulings. Clearly, § 12–902 was not intended and cannot be read to confer the right of appeal from an agency's decisions on one who has not been included among those given the right of review in the particular statutes that make such review of the agency's decisions available. Hence, the Administrative Review Act cannot confer on the appellants the authority to appeal the Board's decision to the superior court.

In conclusion, although the appellants *may* have been proper litigants before the Board to question the Department's valuation of the mines, the appellants have referred us to no authority, and we have been able to find none, which gives those parties the right to appeal the Board's decision in these proceedings. Since the right of appeal exists only by force of statute, *Knape v. Brown, supra,* the appellants were not proper parties with standing to sue in the superior court. Accordingly, we hold that the court below acted correctly in dismissing the complaint.

Affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.