642 P.2d 896

**Don L. CLARK, Mack A. Matlock, Arthur Bond, Patricia Nelson, James L. Van Auken, Plaintiffs-Appellants,**

v.

**STATE of Arizona LIVESTOCK SANITARY BOARD, Kenneth Chilton, Robert E. Crowder, Jr., Mary S. Rugg, Lawrence Beck, R. C. Jones, Dwayne Dobson and Robert Bowman, Defendants-Appellees.**

**No. 1 CA–CIV 5081.**

Court of Appeals of Arizona, Division 1, Department B.

March 9, 1982.

8. *See* A.R.S. §§ 31–411, –412; *State v. La-*   *Barre,* 125 Ariz. 497, 610 P.2d 1058 (App.1980).

**552**

Logan & Aguirre by Ronald J. Logan, Phoenix, for plaintiffs-appellants.

Robert K. Corbin, Atty. Gen. by David W. Ronald and Thomas M. Rogers, Asst. Attys. Gen., Phoenix, for defendants-appellees.

## OPINION

HAIRE, Judge.

The primary issues in this appeal concern the availability of Arizona's Administrative Review Act (A.R.S. § 12–901, *et seq.*) for the review of employer decisions relating to state merit system employees, when the decision does not involve the dismissal, demotion or suspension of the employee.[1]

The five appellants were employees of a state agency, The State of Arizona Livestock Sanitary Board (agency). They became concerned that they were being denied overtime and holiday pay or compensatory time-off which was due to them, and that they were being retaliated against for asserting their alleged entitlement to these benefits. On behalf of themselves and others similarly situated, they brought their claims to the attention of supervisory personnel, and when satisfactory relief was not obtained, proceeded in accordance with the "Employee Problem Solving Procedure" promulgated for the resolution of merit system employee grievances by the Arizona State Personnel Division.

In response to these employee claims, the state agency did not question the employees' entitlement to overtime pay or compensatory time-off at such time in the future as the employees might be authorized to work in excess of 40 hours per week. As to the allegations made relating to past overtime work, the agency asked for specific proof and supplemental documentation relating to each employee's claim. The agency contended that no such proof was submitted, and denied that it had taken or intended to take any retaliatory actions against these employees.

The end result of the employee problem solving procedure was a decision upholding the agency's position. Thereafter, the employees sought review of the agency's ac-

---

1. The term "state merit system employee" is used to describe those state employees who are subject to the provisions of Title 41, Chapter 4, Articles 5 and 6, Arizona Revised Statutes.

tion in the Maricopa County Superior Court pursuant to Arizona's Administrative Review Act (A.R.A.). The agency then filed a motion for summary judgment, raising in essence four defenses against the employees' claims. First, the agency urged that its decision did not fall within the scope of agency decisions which are reviewable under the A.R.A. Second, assuming *arguendo* that the decision fell within the category ordinarily reviewable pursuant to the A.R.A., the agency urged that review was not timely sought. Third, insofar as the employees' superior court complaint alleged a claim for relief for past overtime work, the agency urged that such relief was precluded because of the employees' failure to comply with statutory claim and filing provisions. *See* A.R.S. § 12–821, *et seq.* The agency's fourth position in support of its motion for summary judgment was that by filing a motion in the superior court asking permission to submit additional evidence, the employees had admitted that they had failed to provide sufficient evidence to the agency in support of their claims.

The trial judge granted the agency's motion for summary judgment, specifically finding that the court lacked jurisdiction of the subject matter of the appeal. The judgment contained other findings making it apparent that the trial judge was also of the opinion that, in any event, relief was untimely sought under the A.R.A. Since we hold that the A.R.A. was not applicable to the agency decision challenged by appellants, we will not set forth in this opinion the details of the parties' arguments concerning whether superior court review was timely sought within 35 days as would have been required by the A.R.A. *See* A.R.S. § 12–904.

In considering whether the review procedures provided by the A.R.A. apply to the decision challenged here, we note that authorization for review pursuant to the A.R.A. can be derived from two entirely separate statutory sources. First, the authority might be found within the provisions of the A.R.A. itself, as is the case where the challenged determination has been made by an "agency" as defined in A.R.S. § 12–901(1) and, in addition, constitutes a "decision" as defined in A.R.S. § 12–901(2). There are instances, however, where superior court review of an administrative or agency determination is available even though the "agency" or the "decision" might not strictly qualify as such under the provisions of A.R.S. § 12–901. Review under the A.R.A. becomes available in these latter instances only when there is some special statute expressly making the review procedures of the A.R.A. applicable. *See, e.g.*, A.R.S. § 11–356D (review of decision by county employee merit system commission).

Conversely, the existence of a special statute might well preclude A.R.A. review which would otherwise be available. Thus, even though both the agency and its decision fall within the general guidelines set forth in A.R.S. § 12–901, review pursuant to the A.R.A. is not available where a special statute provides for judicial review of an agency's decisions *and* prescribes a procedure other than that set forth in the A.R.A. A.R.S. § 12–902A; *see generally* A.R.S. §§ 42–1339B and 42–1421B (appeal for recovery of taxes paid under protest).

■ Our concern as to the applicability of the A.R.A. here derives from the fact that the appellants were not before the agency as members of the public challenging an adjudication, determination or decision made by the agency in fulfilling its statutory duties to the public in the regulation and licensing of the livestock and poultry industries. *See generally* A.R.S. § 24–104, *et seq.* Rather, their complaints pertain solely to internal employment-related decisions involving personnel transfers, working hours and compensation. The appellee agency contends that the A.R.A. is not applicable to these kinds of decisions because of the existence of special statutory provisions identifying and providing a special review procedure for employment-related decisions involving state merit system employees. We agree.

As we have previously indicated, A.R.S. § 12–902A removes from the scope of the

A.R.A. those agency decisions "where the act creating or conferring power on an agency or a separate act provides for judicial review of the agency decisions and prescribes a definite procedure for the review." The agency contends that A.R.S. § 41–785 [2] constitutes such a "separate act" which prescribes a definite procedure for the review of agency decisions relating to merit system employees, and that therefore review under the A.R.A. is not available. In response, the employees point out that by the express provisions of A.R.S. § 41–785A, the statute applies only to merit system employment decisions involving the dismissal, suspension or demotion of an employee, and that the employment decisions here involved do not fall within any of those categories. It is thus urged that since review of these specific decisions is not available under A.R.S. § 41–785, the decisions must be reviewable under the Administrative Review Act.

The state counters with the argument that there is no absolute right to appeal from a decision of an administrative agency, and that the right exists only where specifically created by statute. *County of Pima v. State Department of Revenue, Division of Property and Special Taxes*, 114 Ariz. 275, 560 P.2d 793 (1977); *McLeod v. Chilton*, 132 Ariz.App. 9, 643 P.2d 712 (1981). From this premise the state urges that by enacting A.R.S. § 41–785 the legislature has expressed its intention that the right to an appeal to the courts from agency personnel decisions involving merit system employees should be limited to decisions involving the dismissal, suspension or demotion of employees, and that since this special statute applies, the A.R.A. "cannot be read to confer the right of appeal from an agency's decisions on one who has not been included among those given the right of review in the particular statutes that make such review of the agency's decisions available." *See County of Pima, supra.*

We find the agency's arguments persuasive. While the legislature has expressly provided for review pursuant to the A.R.A. of certain livestock board decisions,[3]

2. Prior to its amendment in 1978, A.R.S. § 41–785, as pertinent to the issues raised in this appeal, provided as follows:

"A. Any employee who is dismissed, suspended or demoted after completing his probationary period of service as provided by the rules of the personnel board, shall have the right to appeal to the board not later than thirty days after the effective date of such action.

\* \* \* \* \* \*

"D. Within thirty days after the recording of the order and the mailing thereof, the employee may appeal to the superior court of the county of residence on one or more of the following grounds, that the order was:

"1. Founded on or contained error of law which shall specifically include error of construction or application of any pertinent rules.

"2. Unsupported by any evidence as disclosed by the entire record.

"3. Materially affected by unlawful procedure.

"4. Based on violation of any constitutional provision.

"5. Arbitrary or capricious.

"E. The grounds prescribed by subsection D of this section shall be stated in a written notice of appeal filed with the court, with copies served on the board and on the employing agency. Within thirty days after service of such notice or within such further time as the court may allow, the personnel board shall transmit to the court a certified transcript, with exhibits of the hearing. By stipulation between the employing agency and the employee, the transcript may be shortened and either party unreasonably refusing to stipulate to such limitation may be ordered by the court to pay the additional cost involved. The court may require or permit subsequent corrections or additions to the transcript.

"F. The court shall review the hearing on the basis of the transcript and exhibits, except that in case of alleged irregularity in procedure by the personnel board not shown by the transcript, the court may order further testimony. The court shall upon request by either party hear oral arguments and receive written briefs. The court may affirm the order of the personnel board, remand the matter for further proceedings before the board, or reverse or modify the order. Appeal shall be available to the courts of appeal from the order of the superior court as in other civil cases."

3. A.R.A. review is specifically provided for Livestock Sanitary Board decisions revoking or suspending licenses issued by the board, A.R.S. § 24–106; for board decisions condemning meat products, A.R.S. § 24–621.04; and for

there are no provisions in the livestock code (Title 24, A.R.S.) which specifically extend the A.R.A. to personnel decisions. Rather, the only statutory provisions dealing with appellate review of personnel decisions are found in Title 41 relating generally to state employee personnel administration. In *McLeod v. Chilton, supra,* this court considered and rejected an argument that the A.R.A. was applicable to state agency personnel decisions. We concluded that A.R.S. § 41–785 provided the sole statutory authority for judicial appellate review of such decisions, and that therefore the provisions of the A.R.A. could not be utilized for that purpose. This decision was reached in *McLeod* notwithstanding the fact that the agency employee in *McLeod* was not a merit system employee. Here, the argument is more convincingly applicable since the appellant employees are all merit system employees directly subject to the personnel administration policies set forth in Title 41 and to the provisions of A.R.S. § 41–785. We therefore conclude that the trial court correctly determined that it lacked authority to consider the employees' complaint under the Administrative Review Act.[4]

We next consider the employees' argument that in the event the Administrative Review Act is not applicable, the trial court abused its discretion by refusing to treat their claims as a petition for special action relief,[5] as requested in their response to the agency's motion for summary judgment. The principle is well established in Arizona that the fact that a complainant has erroneously invoked the Administrative Review Act does not necessarily preclude the granting of relief in the superior court. *State ex rel. Arizona State Board of Pardons and Paroles v. Superior Court,* 12 Ariz. App. 77, 467 P.2d 917 (1970). The court should consider any application which states facts sufficient to justify relief irrespective of its technical denomination. *State v. Superior Court,* 103 Ariz. 208, 439 P.2d 294 (1968). We agree with the contention of the appellant employees that insofar as special action review was applicable to any claims asserted by them, their petition should have been considered by the trial court as an application for special action relief.

For future guidance of the trial court, we hold that the employees' claims against the state for past overtime work are based upon statutorily implied provisions of their employment contracts with the state, are subject to statutory claim and filing requirements, and thus are not susceptible to review in special action proceedings. *See generally* A.R.S. § 12–821 *et seq.; State v. Miser,* 50 Ariz. 244, 72 P.2d 408 (1937). *State v. Brooks,* 23 Ariz.App. 463, 534 P.2d 271 (1975). Also, any relief which might be sought by the employees under special action procedures must be limited to the individual claims asserted by appellants themselves, since class action relief is not available under our special action rules. *See Town of Chino Valley v. State Land Department,* 119 Ariz. 243, 580 P.2d 704 (1978).

The judgment entered by the trial court dismissing appellants' complaint is vacated, and the matter remanded for further proceedings consistent with this opinion.

JACOBSON, P. J., and EUBANK, J., concur.

---

board decisions suspending or revoking state meat inspection or establishment numbers, A.R.S. § 24–621.15. *See generally* Vol. 3, Arizona Appellate Handbook, § 38.53 (1981).

4. A.R.S. § 41–782.01 which makes the provisions of the Administrative Review Act applicable to certain merit system employment-related decisions of the nature involved here was enacted in 1978. *See* Laws of 1978, Chap. 156,

§ 2. Counsel has not relied upon this statute nor urged that it was in effect at the times pertinent to the issues raised in this appeal.

5. *See generally* the Rules of Procedure for Special Actions, 17A, A.R.S. The term "special action" describes for Arizona practice the procedural devices formerly known as the extraordinary writs of certiorari, mandamus and prohibition.