IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

MARY COOMBS, *Plaintiff/Appellant,*

*v.*

MARICOPA COUNTY SPECIAL HEALTH CARE DISTRICT,
*Defendant/Appellee.*

No. 1 CA-CV 15-0276
FILED 12-13-2016

---

Appeal from the Superior Court in Maricopa County
No.  LC2014-000545-001
The Honorable Crane McClennen, Judge, Ret'd

**AFFIRMED**

---

COUNSEL

Thomas M. Shaw, Attorney at Law, Mesa
By Thomas M. Shaw
*Counsel for Plaintiff/Appellant*

Maricopa Integrated Health System, Phoenix
By Martin C. Demos
*Co-Counsel for Defendant/Appellee*

Dickinson Wright PLLC, Phoenix
By Gary L. Birnbaum (dec'd), Anne L. Tiffen, Bradley A. Burns
*Co-Counsel for Defendant/Appellee*

_____

**OPINION**

Presiding Judge Diane M. Johnsen delivered the opinion of the Court, in which Judge Jon W. Thompson and Judge Charles W. Gurtler, Jr. joined.[1]

_____

**J O H N S E N**, Judge:

**¶1**          Mary Coombs challenges the superior court's order dismissing for lack of jurisdiction her appeal of her termination by the Maricopa County Special Health Care District.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**          The District is a special health care district and a political subdivision of the State.  *See* Ariz. Rev. Stat. ("A.R.S.") §§ 48-5501 to -5507 (2016).[2]  Its elected Board of Directors created the Maricopa County Special Health Care District Employee Merit System.  *See* A.R.S. § 48-5541.01(M)(1) (2016).  Pursuant to the rules of the Merit System, a covered employee terminated for cause may appeal the dismissal to the District's Chief Executive Officer.  The appeal is assigned to a hearing officer, who hears evidence, then prepares proposed findings of fact, conclusions of law and recommendations for the CEO.  Under the rules, the CEO may (1) adopt or modify the hearing officer's report; (2) decide the case on the record, with or without taking additional evidence; or (3) return the case to the hearing officer with directions.  The CEO's decision is final.

**¶3**          The District dismissed Coombs from her employment, and she appealed.  After a three-day hearing, the hearing officer recommended

_____

[1]          The Honorable Charles W. Gurtler, Jr., Judge of the Arizona Superior Court, has been authorized to sit in this matter pursuant to Article VI, Section 3, of the Arizona Constitution.

[2]          Absent material revision after the relevant date, we cite a statute's current version.

the appeal be dismissed and the termination affirmed. The CEO upheld the dismissal.

**¶4** Coombs brought this action in the superior court as an appeal for judicial review of an administrative decision pursuant to A.R.S. § 12-904(A) (2016). The District moved to dismiss, arguing the court lacked jurisdiction to hear the appeal. The court granted the motion and entered judgment pursuant to Arizona Rule of Civil Procedure 54(c). Coombs timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1) (2016).

## DISCUSSION

### A. Jurisdiction Under the Administrative Review Act.

**¶5** We review *de novo* the superior court's dismissal for lack of jurisdiction. *See Ariz. Physicians IPA, Inc. v. W. Ariz. Reg'l Med. Ctr.*, 228 Ariz. 112, 114, ¶ 9 (App. 2011).

**¶6** Coombs argues the superior court had jurisdiction pursuant to the Administrative Review Act ("ARA"), specifically A.R.S. § 12-902(A) (2016). Under that statute, a party may obtain judicial review of (1) "a final decision of an administrative agency," or (2) "the decision at an administrative hearing as otherwise provided by statute." A.R.S. § 12-902(A).

**¶7** Subsection (A)(1) of § 12-902 affords the superior court no jurisdiction over Coombs's appeal because the statutory definition of "administrative agency" excludes a political subdivision such as the District. A.R.S. § 12-901(1) (2016). Under subsection (A)(2) of § 12-902, a party may seek judicial review of an administrative decision "only when there is some special statute expressly making the review procedures of the [ARA] applicable." *Clark v. State Livestock Sanitary Bd.*, 131 Ariz. 551, 553 (App. 1982).

**¶8** Coombs argues judicial review of an employment decision by the District is "otherwise provided by" A.R.S. § 48-5541(2) (2016). It is not. Section 48-5541(2) provides that the District "may . . . [s]ue and be sued in all courts and places and in all actions and proceedings." Thus, it establishes the District as a jural entity subject to suit and with the power to sue. *See Braillard v. Maricopa County*, 224 Ariz. 481, 487, ¶ 12 (App. 2010) ("[A] governmental entity may be sued only if the legislature has so provided."). But whether the superior court has jurisdiction of a particular suit against the District is a different question. *Cf. Marlar v. State*, 136 Ariz.

404, 408 (App. 1983) (legislature authorized suit to be brought against state agency under the ARA even though enabling legislation did not grant agency the capacity to be sued).

¶9        Coombs contends the phrase "in all courts and places and in all actions and proceedings" in A.R.S. § 48-5541(2) suggests the statute grants more than merely the capacity to "sue and be sued."  We do not agree that the phrase authorizes judicial review under the ARA.  *See Clark,* 131 Ariz. at 553; *cf. Pima County v. State Dep't of Revenue,* 114 Ariz. 275, 278-79 (1977) ("Clearly, § 12-902 was not intended and cannot be read to confer the right of appeal from an agency's decisions on one who has not been included among those given the right of review in the particular statutes that make such review of the agency's decisions available.").  If the legislature intended to create a right to judicial review of the District's employment decisions, we presume it would have done so.  *See Cemex Constr. Materials S., LLC v. Falcone Bros. & Assocs., Inc.,* 237 Ariz. 236, 241, ¶ 18 (App. 2015).[3]

## B.    Special Action Jurisdiction.

¶10        In the alternative, Coombs argues the superior court erred in not treating her notice of appeal as a petition for special action.  But Coombs did not ask the superior court to treat her appeal as a special action, and we will not address the availability of extraordinary relief for the first time on appeal.  *See Clark,* 131 Ariz. at 555; *Allen v. Graham,* 8 Ariz. App. 336, 338 (1968).  Moreover, the superior court has discretion to decide whether to consider a special action on its merits.  *State ex. rel. Ariz. Dep't of Econ. Sec. v. Kennedy*, 143 Ariz. 341, 345 (App. 1985).  Because Coombs's notice of appeal to the superior court did not "state[] facts sufficient to justify relief irrespective of its technical denomination," the court properly could have declined jurisdiction on that basis.  *See Clark,* 131 Ariz. at 555; *Files v. Bernal*, 200 Ariz. 64, 65, ¶ 2 (App. 2001).

¶11        In her reply brief, Coombs contends her Objections to Recommendations of Hearing Officer contained sufficient facts to justify

---

3        *See, e.g.*, A.R.S. §§ 11-356(H) (2016) (findings and decision of county merit commission "shall be final and shall be subject to administrative review as provided in" the ARA); 32-128(J) (2016) (final decisions of board of technical registration "are subject to judicial review" pursuant to the ARA); 44-1981 (2016) (decisions of corporation commission securities division "shall be subject to judicial review" pursuant to the ARA).

special action relief. Coombs does not provide a record citation, however, and we do not find that filing in our record. Coombs also suggests in her reply that the superior court could have allowed her to amend her filing to state sufficient facts. We generally do not consider arguments made for the first time in a reply brief, *see Dawson v. Withycombe*, 216 Ariz. 84, 111, ¶ 91 (App. 2007), nor do we speculate about facts that might entitle Coombs to relief, *see Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 420, ¶ 14 (2008)

**CONCLUSION**

**¶12** For the foregoing reasons, we affirm the judgment. We award costs to the District upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA