NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

LAURIE AGUILERA, et al., *Plaintiffs/Appellants*,

*v.*

STEPHEN RICHER, et al., *Defendants/Appellees*.

No. 1 CA-CV 20-0688 EL
FILED 6-15-2021

Appeal from the Superior Court in Maricopa County
No. CV2020-014562
The Honorable Margaret R. Mahoney, Judge

## DISMISSED FOR LACK OF JURISDICTION

COUNSEL

Kolodin Law Group PLLC, Phoenix
By Alexander Kolodin, Christopher A. Viskovic, Bryan Blehm, Chris Ford
*Counsel for Plaintiffs/Appellants*

Maricopa County Attorney's Office, Phoenix
By Thomas P. Liddy, Emily M. Craiger, Joseph I. Vigil, Joseph Branco,
Joseph Eugene La Rue
*Counsel for Defendants/Appellees*

Perkins Coie LLP, Phoenix
By Sarah R. Gonski
*Co-Counsel for Intervenor/Appellee Arizona Democratic Party*

Ballard Spahr LLP, Phoenix
By Roy Herrera, Daniel A. Arellano
*Co-Counsel for Intervenor/Appellee Arizona Democratic Party*

---

## MEMORANDUM DECISION

Presiding Judge David B. Gass delivered the decision of the Court, in which Judge Michael J. Brown and Judge David D. Weinzweig joined.

---

**G A S S**, Judge:

**¶1**          Laurie Aguilera and Donovan Drobina appeal from a superior court order dismissing their claim for mandamus relief. We dismiss the appeal for lack of jurisdiction.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**          Aguilera and Drobina are registered voters in Maricopa County who filed a civil complaint—not a special action—against Maricopa County election officials related to the 2020 general election. Aguilera and Drobina sought declaratory and injunctive relief, alleging the election officials failed to comply with the Arizona Constitution, Arizona election statutes, and the Arizona Secretary of State's Electronic Adjudication Addendum to the 2019 Elections Procedures Manual (Feb. 28, 2020) (EPM Addendum).

**¶3**          In count six, Aguilera and Drobina alleged the county defendants violated the EPM Addendum by not allowing public access to facilities where the county defendants conducted the electronic adjudication of votes. Specifically, Aguilera and Drobina asked the superior court for an injunction requiring open access to "the location where electronic adjudication is taking place to the public in further elections, as well as during any additional electronic adjudication that takes place this election (e.g. as a result of a recount)."

**¶4**          County officials use electronic-adjudication procedures to determine a voter's intent on a ballot when the normal methods used to count votes are unable to do so. *See* EPM Addendum at 1. The EPM

2

Addendum says: "The electronic adjudication of votes must be performed in a secure location, preferably in the same location as the EMS system, but open to public viewing." *Id.* at 3.

**¶5**        The superior court held an evidentiary hearing and heard closing arguments. It also heard arguments on the county defendants' motion to dismiss. The superior court dismissed Aguilera and Drobina's complaint in full for failure to state a claim upon which relief can be granted. Aguilera and Drobina timely appealed.

## ANALYSIS

**¶6**        Aguilera and Drobina only appeal the dismissal of count six, in which they allege the county defendants failed to make the electronic adjudication open to public viewing. Specifically, Aguilera and Drobina argue the county defendants needed to allow in-person viewing of the electronic adjudication to members of the general public. Though the parties did not originally assert jurisdiction as an issue, "this court has an independent duty to determine whether it has jurisdiction to consider an appeal." *See Sorensen v. Farmers Ins. Co. of Ariz.*, 191 Ariz. 464, 465 (App. 1997). Accordingly, we instructed the parties to provide supplemental briefing on whether Aguilera and Drobina had to bring their request as a special action in the superior court. We conclude they did. *See Coombs v. Maricopa Cnty. Special Health Care Dist.*, 241 Ariz. 320, 322, ¶ 10 (App. 2016).

**¶7**        To begin, Aguilera and Drobina requested mandamus relief. They affirmatively assert "the case was properly classified as a mandamus action." Count six alleged the EPM Addendum required the county defendants to open "the location where electronic adjudication occurs to the public." As a remedy, Aguilera and Drobina requested injunctive relief requiring the county defendants to open "the location where electronic adjudication is taking place to the public in further elections, as well as during any additional electronic adjudication that takes place this election (e.g. as a result of a recount)." We express no opinion on the merits of whether their mandamus request was proper. *See Arizonans for Second Chances, Rehab., & Pub. Safety v. Hobbs*, 249 Ariz. 396, 404, ¶ 16 (2020) ("An action is in the nature of mandamus if it seeks to compel a public official to perform a *non-discretionary duty imposed by law*." (emphasis added) (quoting *Stagecoach Trails MHC, L.L.C. v. City of Benson*, 231 Ariz. 366, 370, ¶ 19 (2013))).

**¶8**        For that reason, Aguilera and Drobina should have requested their mandamus relief in a special action. *See id.* (rules of special action

procedure provide for "the traditional functions of the writ of mandamus by permitting petitioners to compel a state officer to perform a duty required by law" (cleaned up)); *see also* Ariz. R.P. Spec. Act. 1(a) ("Relief previously obtained against a body, officer, or person by writs of certiorari, mandamus, or prohibition in the trial or appellate courts *shall* be obtained in an action under this Rule . . . ." (emphasis added)). Far from mere semantics, "[j]urisdictional statements are important," and our supreme court has cautioned parties against failing to follow proper form when requesting special action relief. *Arizonans for Second Chances*, 249 Ariz. at 404, ¶ 17.

**¶9**        If Aguilera and Drobina had brought their complaint as a special action, they would have allowed the superior court to evaluate it as such. Special actions have specific requirements setting them apart from normal civil actions, and litigants must follow them as they would any other set of rules. *See id.* Further, special action jurisdiction is highly discretionary. *Prosise v. Kottke*, 249 Ariz. 75, 77, ¶ 10 (App. 2020); *see also Coombs*, 241 Ariz. at 322, ¶ 10 ("[T]he superior court has discretion to decide whether to consider a special action on its merits.").

**¶10**        Allowing Aguilera and Drobina to pursue mandamus relief in a regular civil action would gut the purpose of special action procedures. As the county defendants correctly say, "no litigant would ever risk a court denying jurisdiction if [the litigant] could just file a civil action and force the court to hear a request for extraordinary relief." Here, Aguilera and Drobina never asked the superior court to treat their complaint as a special action. They cannot now ask this court for the extraordinary relief inherent in special actions without having taken the associated risks in the superior court. *See Coombs*, 241 Ariz. at 322, ¶ 10 ("[W]e will not address the availability of extraordinary relief for the first time on appeal.").

## CONCLUSION

**¶11**        We dismiss Aguilera and Drobina's appeal for lack of jurisdiction. We deny Aguilera and Drobina's request for attorney fees.



AMY M. WOOD • Clerk of the Court
FILED:    AA