IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

GLEN EDWARD BOYD, *Plaintiff/Appellant*,

*v.*

STATE OF ARIZONA, et al., *Defendants/Appellees.*

No. 1 CA-CV 21-0684
FILED 12-05-2023

---

Appeal from the Superior Court in Maricopa County
No. CV2021-090193
The Honorable Peter A. Thompson, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

---

COUNSEL

Bowman and Brooke, LLP, Phoenix
By Alexander J. Egbert
*Counsel for Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Rebecca A. Banes, Nancy J. Davis
*Counsel for Defendants/Appellees*

---

## OPINION

Judge Michael J. Brown delivered the opinion of the Court, in which Presiding Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

---

**B R O W N**, Judge:

¶1        House Bill 2466 ("the Bill), effective May 27, 2019, revived certain causes of action for victims of sexual abuse that would otherwise be time-barred and permitted such actions to be filed by December 31, 2020. Plaintiff Glen Boyd appeals the superior court's order dismissing his complaint against defendants State of Arizona ("the State"), the Arizona Department of Juvenile Corrections ("ADJC"), and former ADJC correctional officer Jennifer Loe.  The primary issues before us are: (1) whether Boyd complied with A.R.S. § 12-821.01(A) (requiring service of a notice of claim within 180 days after it accrues), and (2) whether A.R.S. § 12-821.01(E) required him to wait 60 days after filing his notice of claim before filing the complaint.  Because Boyd filed his notice of claim and complaint within the timeframe authorized by the legislature, we vacate the order in part and remand for further proceedings.

## BACKGROUND

¶2        As alleged in his complaint, in 2001 Boyd (age 16 at the time) was in ADJC custody at a facility where Loe worked as a correctional officer.  Loe sexually abused him around that time, both at the facility and, after his release, at her apartment.  Two other ADJC employees then threatened Boyd and directed him not to talk to Loe or "make up any lies" about her.  This abuse was reported to authorities, who contacted Boyd to help them in their investigation.  Boyd was unaware of the investigation's results until he served a subpoena on ADJC in 2021 and learned Loe had been arrested and charged for abusing Boyd.

¶3        On or about December 20, 2020, Boyd filed a notice of claim alleging sexual abuse by Loe, improper threats by the two other ADJC employees, and negligent conduct by the State and ADJC given that he was in their care and custody.  Boyd then submitted his complaint to prison authorities for mailing on December 29, 2020, essentially repeating the allegations in his notice of claim.  The State does not dispute Boyd's assertion that his complaint was treated as filed at that time.  *See* Ariz. R.

Civ. P. 5.1(b)(4) ("If a party is incarcerated and another party contends that the incarcerated party did not timely file a document, the court must treat the document as filed on the date it was delivered to prison authorities to deposit in the mail.").

¶4        In August 2021, Loe moved to dismiss Boyd's claims, asserting they were barred by A.R.S. § 12-514, which states that an action for damages based on injuries due to sexual conduct or contact committed against a minor must be filed within 12 years after the victim turns 18. After filing an answer, the State moved for judgment on the pleadings, questioning whether Boyd had served a notice of claim, but primarily asserting his lawsuit was barred because he did not wait at least 60 days to file suit under A.R.S. § 12-821.01(E) (deeming a notice of claim denied 60 days after filing unless expressly denied earlier). The State also argued Boyd's claims against ADJC should be dismissed because it is a nonjural entity.

¶5        Boyd did not controvert the State's argument that his notice of claim was untimely. Instead, he argued that in November 2020 he was informed about a new law in Arizona that granted him until December 31, 2020, to file a complaint against the defendants. He claimed he would have missed that deadline if he had waited 60 days after serving the notice of claim.

¶6        The superior court granted Loe's motion to dismiss and found that dismissal of the claims against her rendered the other pending motions moot. Boyd timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

**DISCUSSION**

¶7        We review de novo the grant of a motion to dismiss a complaint under Rule 12(b)(6). *Zubia v. Shapiro*, 243 Ariz. 412, 414, ¶ 13 (2018). In reviewing the dismissal of a complaint for failure to state a claim, we assume the facts alleged in the complaint are true and will affirm the dismissal if the plaintiff would not be entitled to relief under any interpretation of the facts susceptible of proof. *Hopi Tribe v. Ariz. Snowbowl Resort Ltd. P'ship*, 245 Ariz. 397, 400, ¶ 8 (2018).

¶8        Boyd argues the superior court erred by failing to recognize the Bill revived his claims against the defendants. The State does not attempt to defend the ruling that Boyd's claims were time-barred by the statute of limitations. Instead, the State contends his lawsuit should be barred because his notice of claim was untimely. For her part, Loe did not

file an answering brief. In our discretion, we treat that failure as conceding the court erred in granting her motion to dismiss. *See Savord v. Morton*, 235 Ariz. 256, 259, ¶ 9 (App. 2014) ("When debatable issues exist and an appellee fails to file an answering brief, we may consider such failure a confession of reversible error.").

### A.     Notice of Claim:  180-Day Clause

**¶9**          We review de novo the interpretation of statutes, which "requires us to determine the meaning of the words the legislature chose to use." *S. Ariz. Home Builders Ass'n. v. Town of Marana*, __ Ariz. __, __, ¶ 31, 522 P.3d 671, 676 (2023). "We do so neither narrowly nor liberally, but rather according to the plain meaning of the words in their broader statutory context, unless the legislature directs us to do otherwise." *Id.* We interpret the statutory language in view of the entire text, considering the context and related provisions. *See Fann v. State*, 251 Ariz. 425, 434, ¶ 25 (2021). Statutes addressing the same subject matter should be harmonized when possible. *Lagerman v. Ariz. State Ret. Sys.*, 248 Ariz. 504, 507, ¶ 13 (2020).

**¶10**          Arizona law requires a person with a claim against a public entity to file a notice of claim "within one hundred eighty days after the cause of action accrues." A.R.S. § 12-821.01(A). Under the notice of claim statute, a cause of action "accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition that caused or contributed to the damage." A.R.S. § 12-821.01(B). The damaged party must then file the lawsuit "within one year after the cause of action accrues and not afterward." A.R.S. § 12-821. The same discovery rule applies to filing a notice of claim and a complaint. *Dube v. Likins*, 216 Ariz. 406, 422, ¶ 5 (App. 2007) (supplemental opinion).

**¶11**          The Bill provides two exceptions to this one-year filing period. First, the Bill added a new statute of limitations, codified at § 12-514, that allows minor victims of sexual conduct or sexual contact to bring their claims "within twelve years after the plaintiff reaches eighteen years of age and not afterward." 2019 Ariz. Sess. Laws, ch. 259, § 1 (1st Reg. Sess.). In other words, § 12-514 gives victims of sexual abuse until age 30 to bring a claim. Second, the legislature included an applicability provision in the Bill that provides a one-time exception for individuals who would otherwise be barred from asserting a claim, explained in Section 3(B) as follows:

> *Notwithstanding any other law*, a cause of action for damages described in subsection A, paragraph 1 of this section that involves sexual conduct or sexual contact and that would be time barred under section 12–514, Arizona Revised Statutes, as added by this act, *or that would otherwise be time barred* because of an applicable statute of limitations, *a claim presentation deadline or the expiration of any other time limit is revived and may be commenced before December 31, 2020*.

2019 Ariz. Sess. Laws, ch. 259, § 3 (1st Reg. Sess.) (emphasis added).

¶12 The State argues that irrespective of the Bill and § 12-514, Boyd had to file his notice of claim within 180 days of when his cause of action accrued. *See* A.R.S. § 12-821.01(A). And although not argued in the superior court, the State contends Boyd's claim accrued on May 27, 2019, when the Bill became effective. According to the State then, Boyd's notice of claim was untimely because it was filed in December 2020, and thus after the State's asserted November 23, 2019, deadline.

¶13 The Bill provides that "[n]otwithstanding any other law," a cause of action that would be time-barred by: (1) § 12-514, (2) any applicable statute of limitations, (3) a claim presentation deadline, or (4) the expiration of any other limit, "*is revived* and may be commenced before December 31, 2020." 2019 Ariz. Sess. Laws, ch. 259, § 3 (1st Reg. Sess.) (emphasis added). The phrase "notwithstanding any other law" makes it plain that the revival period for filing a cause of action controls over any otherwise conflicting law. *See id.*; *City of Phoenix v. Glenayre Elecs., Inc.*, 242 Ariz. 139, 144, ¶ 16 (2017) (reasoning that by using "notwithstanding any other statute," the legislature had "expressly and definitely" declared one statute controlled over another conflicting statute).

¶14 The State views the language more narrowly, asserting that "[n]otwithstanding any other law" does not apply to the last clause of the Bill ("and may be commenced before December 31, 2020"). But that clause and the immediately preceding clause ("a claim presentation deadline or the expiration of any other time limit is revived") are listed in a series and have no punctuation between them. The State's reading thus contradicts established punctuation principles. *See Szeto v. Ariz. Pub. Serv. Co.*, 252 Ariz. 378, 383, ¶ 10 (App. 2021) (depublished in part) (recognizing that "one applies a prepositive modifier to each element of a list possessing a straightforward parallel construction"); *id.* at 383, ¶ 11 (applying a modifier to two terms in a list "[b]ecause there is a conjunction rather than a comma between [them]"). Reasonably construed, the phrase "notwithstanding any

other law" modifies all the remaining text. *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 140 (2012) ("Words are to be given the meaning that proper grammar and usage would assign them.").

**¶15** The Bill's unambiguous language allowed eligible plaintiffs to bring revived claims "before" December 31, 2020, and thus § 12-821.01(A)'s 180-day deadline cannot be read as reducing that timeframe. But we do not agree with Boyd's assertion that the Bill supersedes all of § 12-821.01(A)'s notice of claim requirements. If the legislature had used the phrase "claim presentation *requirements*" instead of "claim presentation *deadlines*," then Boyd's argument would be more compelling. Instead, given our obligation to harmonize related statutes, we conclude that victims of child sexual abuse with revived causes of action are still obligated to file a notice of claim *before* filing their lawsuits. This interpretation harmonizes the statutes by giving meaning to § 12-821.01(A)'s claim presentation *requirements* and the Bill's provision superseding claim presentation *deadlines*.

**¶16** We hold that § 12-821.01(A)'s 180-day requirement does not time bar Boyd's claim. Under the Bill, Boyd was not required to file his notice of claim within 180 days of the Bill's May 27, 2019, enactment. Instead, his only obligation to meet § 12-821.01(A)'s filing requirements was to file his notice of claim before filing his complaint.

**¶17** Even if some ambiguity exists in the Bill relating to § 12-821.01(A), it does not change our conclusion. *See State v. Luviano*, 255 Ariz. 225, 226, ¶ 10 (2023) ("Ambiguity arises when the language is reasonably susceptible to differing interpretations."). When a statute is ambiguous, we determine its meaning by considering secondary interpretation methods, including the statute's "subject matter, historical background, effects and consequences, and spirit and purpose." *Id.*

**¶18** The State contends that if the legislature intended to exempt revived claims from § 12-821.01(A)'s requirements, it would have "expressly done so." Section 12-514 exempts three statutes that provide time limits for bringing certain claims (A.R.S. §§ 12-505, -511, and -542), but did not include § 12-821.01(A). The State thus contends the legislature intended that claims revived by the statute are subject to all of § 12-821.01(A)'s requirements, including the claim presentation deadline. *City of Surprise v. Ariz. Corp. Comm'n*, 246 Ariz. 206, 211, ¶ 14 (2019) (applying the canon of *expressio unius est exclusio alterius* to infer that the legislature's decision to include certain terms but not another term was

intentional). What the State fails to address, however, is that § 12-514 also omitted any reference to § 12-821 (one-year statute of limitation to sue a public entity or employee), and yet the State is silent on whether Boyd had to file his lawsuit within one year of the Bill's effective date.

**¶19** The State is correct that the legislature could have explicitly exempted revived claims from § 12-821.01(A)'s requirements. But it also could have stated that all previously time-barred claims were *revived and accrued* on the Bill's effective date. Doing so would have clarified that plaintiffs had 180 days from the effective date to file notices of claims against public entities or employees. Instead, the Bill states that regardless of any other law, claims are "revived and may be commenced before December 31, 2020." 2019 Ariz. Sess. Laws, ch. 259, § 3 (1st Reg. Sess.).

**¶20** The State also argues that its interpretation best effectuates the purposes of both statutes by fulfilling § 12-821.01(A)'s purpose of allowing public entities to assess claims before litigation and plan accordingly. And it serves the Bill's objective of giving plaintiffs with previously time-barred claims the opportunity to file suit against public entities. But the State's argument overlooks the Bill's core purpose: to give plaintiffs the right to file their revived causes of action under § 12-514 anytime between the Bill's effective date and December 30, 2020.

**¶21** The Bill contemplates suits against public and private defendants. Under § 12-514(B)(1), a "person" who can be sued includes the state, local governments, and public agencies. By imposing § 12-821.01(A)'s 180-day deadline, if May 27, 2019, were the accrual date for plaintiffs under the Bill's one-time exception, then all plaintiffs with existing claims on that date would have had to serve their notices of claim by November 23, 2019. That interpretation would deprive those plaintiffs of more than 13 months of the Bill's revival period to file their notices of claims and lawsuits, even though nothing in § 12-821.01 specifically requires filing a notice of claim a certain number of days before filing a complaint. Accepting the State's interpretation would also mean that those plaintiffs had to file their lawsuits by May 17, 2020, depriving them of more than seven months of additional time the legislature specifically allowed for filing such lawsuits. Stated differently, the State cannot reasonably argue the legislature mandated accrual of all claims existing on the effective date of the Bill for purposes of filing a notice of claim, but decided accrual for purposes of filing suit would be suspended.

**¶22** The State points to similar California legislation that explicitly exempted revived claims from notice of claim requirements, arguing that

our legislature's failure to do the same reflects an intentional choice to do the opposite. Yet the State has not shown that our legislature considered California's statutory scheme when adopting the Bill. Without more, comparisons to another state's statutes "to determine legislative intent is . . . of little use in interpreting [statutes]." *State of the Neth. v. MD Helicopters, Inc.*, 250 Ariz. 235, 241, ¶ 21 (2020).

¶23 The Bill gave victims of sexual misconduct that occurred when they were minors a narrow window for filing their "revived" causes of action under § 12-514. Our interpretation of the Bill tracks the statutory text and preserves the State's interest in being alerted to potential claims through the notice of claim process. *See James v. City of Peoria*, 253 Ariz. 301, 305, ¶ 21 (2022) (declaring "public policy of this state that public entities are liable for acts and omissions of employees" and that the provisions of A.R.S. §§ 12-820 to -823 "should be construed with a view to carry out the above legislative purpose") (quoting 1984 Ariz. Sess. Laws, ch. 285, § 1 (2d Reg. Sess.)).

¶24 Finally, we are not persuaded by the State's reliance on this court's unpublished decision in *Doe v. Ariz. Bd. of Regents*, No. 1 CA-CV 21-0509, 2022 WL 2310671, (Ariz. App. June 28, 2022) (mem. decision). *See* Ariz. R. Sup. Ct. 111(c)(1) (stating that memorandum decisions are not precedential). In that case, a different panel of this court considered the Bill's effect on § 12-821.01(A). *Doe*, 2022 WL 2310671 at *2, ¶ 17. The court held that the Bill does not provide an exception to the 180-day requirement in § 12-821.01(A) because it failed to "expressly amend the time in which to provide notice." *Id.* at *3, ¶ 26. As explained above, we view it differently. "Notwithstanding any other law" means that the Bill superseded any other *time* constraints, including notice of claim deadlines, that would bar claims under § 12-514.

## B. Denial by Operation of Law: 60-Day Clause

¶25 By statute, "[a] claim against a public entity or public employee . . . is deemed denied sixty days after the filing of the claim unless the claimant is advised of the denial in writing before the expiration of sixty days." A.R.S. § 12-821.01(E). According to the State, Boyd had to wait at least 60 days after submitting his notice of claim before filing his complaint, and because he failed to do so, his notice of claim is invalid. The State does not analyze § 12-821.01(E)'s plain language. Instead, the State argues "it must be read to require" the waiting period "to give the statute any effect." Pointing to secondary interpretation principles, the State reasons that without a waiting period, the public entity would be deprived of the

opportunity to consider settlement to avoid litigation, and the chance to assess its liability and plan accordingly. The State therefore contends that allowing a plaintiff to "proceed prematurely" renders meaningless the offer made in the notice of claim. *See James*, 253 Ariz. at 305, ¶ 23.

**¶26** In *James*, the supreme court considered whether a notice of claim is invalid if it provides that the claimant's settlement offer "will terminate less than sixty days after the notice is served." 253 Ariz. at 302, ¶ 2. Rejecting the city's argument that the notice of claim was invalid, the court explained that the "clear and unequivocal language of § 12-821.01(E) creates a deadline *for the public entity*." *Id.* at 303–04, ¶ 14. Although the court did not decide "the issue of whether a claimant may file a lawsuit before the expiration" of the 60-day period because it was not an issue in the case, the court explained that "[s]ignificantly, there is nothing in § 12-821.01(A) or (E) that burdens the *claimant* with a requirement to keep a settlement offer open for sixty days." *Id.* at 304, ¶ 16. The court also reasoned that § 12-821.01(E)'s plain meaning "is that the public entity has sixty days in which to consider the basis for the claim and the amount for which it can be settled, and the public entity may accept within sixty days if it wishes to resolve the claim for that amount." *Id.* at 303–04, ¶ 14.

**¶27** Applying that reasoning here, we reject the State's request that we add requirements to a statute that unambiguously has one meaning—that a notice of claim is treated as denied 60 days after the notice of claim is filed unless the claimant is notified otherwise. *See Shea v. Maricopa Cnty.*, 255 Ariz. 116, 120–21, ¶ 19 (2023) ("In interpreting statutes, we turn first to the text because unambiguous text is dispositive.").

**¶28** As stated in *James*, the State has the absolute right, for 60 days, to accept the plaintiff's offer made in a notice of claim. If the plaintiff takes actions inconsistent with that right, such as hiring experts, drafting legal documents, or filing a complaint, the plaintiff bears the risk of unnecessarily incurring those expenses because nothing in the statute removes the other party's right to accept the offer during the 60-day period. Nor does the statute preclude a court, if a lawsuit is filed before 60 days have passed, from entering appropriate orders to ensure the settlement is carried out in a timely and efficient manner.

**¶29** Boyd's notice of claim was filed on or about December 20, 2020, and was denied by operation of law on February 18, 2021. His decision to sue shortly after filing the notice of claim did not invalidate the notice because it complied with statutory requirements and the defendants were not deprived of the opportunity to engage in settlement discussion,

evaluate the claim, or settle it within the 60-day period. Moreover, even accepting the State's view that § 12-821.01(E) imposes a 60-day waiting period on claimants, the Bill revived Boyd's claim despite that waiting period, for the same reasons discussed above.

### C. Nonjural Entity

**¶30** The State also argues ADJC should be dismissed as a nonjural entity. Because governmental entities do not have inherent power and only possess powers and duties "delegated to them by their enabling statutes[,]" they may only be sued "if the legislature has so provided." *Braillard v. Maricopa Cnty.*, 224 Ariz. 481, 487, ¶ 12 (App. 2010). In *McKee v. State*, 241 Ariz. 377, 384, ¶ 29 (App. 2016), we held that the State Forestry Division was a nonjural entity because there was no provision in its enabling statute "stating that it may sue or be sued." *See also Coombs v. Maricopa Cnty. Special Health Care Dist.*, 241 Ariz. 320, 322, ¶ 8 (App. 2016) (finding that a special health care district was a jural entity because its enabling statute provided it may "[s]ue and be sued in all courts and places and in all actions and proceedings"). Given that nothing in ADJC's enabling statutes allows it to be sued, *see* A.R.S. §§ 41-2801 to -2833, dismissal of Boyd's complaint against ADJC was proper.

### CONCLUSION

**¶31** Because Boyd filed his notice of claim and his complaint within the authorized statutory window, we vacate the superior court's order dismissing his complaint against Loe and the State, and remand for further proceedings. Given this resolution, we need not address Boyd's argument that § 12-821.01(A)'s timing requirement was tolled because of his mental illness.

