NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DOUGLAS C. RHOADS, *Plaintiff/Appellant*,

*v.*

ARIZONA DEPARTMENT OF TRANSPORTATION, MVD,
*Defendant/Appellee*.

No. 1 CA-CV 24-0314
FILED 12-10-2024

Appeal from the Superior Court in Yavapai County
No.  CV202380350
The Honorable Linda Wallace, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Douglas C. Rhoads, Camp Verde
*Plaintiff/Appellant*

Arizona Department of Transportation, Phoenix
*Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Andrew M. Jacobs delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Samuel A. Thumma joined.

**J A C O B S**, Judge:

¶1      Appellant Douglas Rhoads challenges the superior court's dismissal of his appeal of the Arizona Department of Transportation's ("ADOT") suspension of Rhoads' driver's license.  Because Rhoads' appeal to the superior court of ADOT's suspension was untimely, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2      On December 9, 2022, Rhoads was arrested on suspicion of driving a motor vehicle under the influence of alcohol.  He refused to consent to alcohol testing during the stop.  On July 19, 2023, ADOT issued a decision suspending Rhoads' driving privileges.

¶3      On December 12, 2023, Rhoads attempted to appeal the suspension to the superior court.  A December 27, 2023 minute entry explained that Rhoads' attempted appeal was deficient.  Rhoads then filed a corrected notice of appeal on January 26, 2024.  On March 27, 2024, the superior court dismissed Rhoads' attempted appeal as untimely, meaning the court lacked jurisdiction to review ADOT's decision.  Rhoads moved to reinstate the case, and the court denied the motion.

¶4      Rhoads timely appealed the superior court's decision.  We have jurisdiction.  Ariz. Const., art. 6, § 9; A.R.S. §§ 12-120.21(A)(1), -913; *see Svendsen v. Ariz. Dep't of Transp.*, 234 Ariz. 528, 533 ¶ 13 (App. 2014).

## DISCUSSION

¶5      We review the superior court's dismissal for lack of jurisdiction and issues relating to interpretation of statutes and rules de novo.  *See Coombs v. Maricopa Cnty. Special Health Care Dist.*, 241 Ariz. 320, 321 ¶ 5 (App. 2016); *Do v. Ariz. Bd. of Regents*, 256 Ariz. 339, ¶ 5 (App. 2023).  Relevant here, a party seeking review of a final administrative decision must file a notice of appeal in the superior court "within thirty-five days from the date when a copy of the decision sought to be reviewed is served upon the party affected."  A.R.S. § 12-904(A).  And "[u]nless review is sought of an administrative decision within the time and in the manner provided in this article, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of the decision."  A.R.S. § 12-902(B).

¶6      Here, the superior court lacked jurisdiction to review ADOT's decision because Rhoads' attempted appeal was untimely.  *See id.*  ADOT issued its decision suspending Rhoads' driving privileges on July 19, 2023.

Rhoads did not attempt to challenge that decision until December 2023, well beyond the 35-day window A.R.S. § 12-904 affords for appeal. We thus agree with the superior court that it lacked jurisdiction to review Rhoads' appeal because it was untimely filed. *See Ariz. Dep't of Econ. Sec. v. Holland*, 120 Ariz. 371, 373 (App. 1978) (holding that a failure to file a complaint in the superior court within the statutory 35-day period "deprive[s] that court of jurisdiction to review the decision").

¶7        Without citation to authority, Rhoads argues that owing to his incarceration, the 35-day window "was equitably tolled and extended due to impossibility and state action." Because Rhoads fails to cite authority or develop this argument, it is waived. *See MacMillan v. Schwartz*, 226 Ariz. 584, 591 ¶ 33 (App. 2011) ("Merely mentioning an argument in an appellate opening brief is insufficient."). Waiver aside, Arizona no longer recognizes legal disability due to incarceration as a reason to equitably toll statutes of limitation. *See* A.R.S. § 12-502 (1996) (removing tolling provision applicable to imprisoned persons previously contained in A.R.S. § 12-502 (1984)).

**CONCLUSION**

¶8        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    TM